542    COURT OF APPEALS OF WEST VIRGINIA.

July Term,    Douglass and Woodward *vs.* Loomis, Judge, &c.    1871.

# Charleston.

## DOUGLASS AND WOODWARD *vs.* GEORGE LOOMIS, JUDGE, &C.

### July Term, 1871.

1. Original jurisdiction in cases of *mandamus* is conferred on this court by sec. 8: Art. VI. of the Constitution.

2. Neither the Constitution nor the statute provide when or in what cases it may be proper or necessary to issue the writ, nor the mode of proceedings to obtain it. In these respects the principles of the common law govern.

3. The mode of proceeding in cases of *mandamus*, at the common law, is given herein.

4. Independently of the Constitution or the statutory provision, superior courts, by virtue of their supervisory powers over inferior courts, have jurisdiction to compel, by mandamus, the judges of such inferior courts to sign and seal in a proper case, bills of exception. This power seems to arise by reason of their appellant jurisdiction.

5. This power, however, can only be exercised when the judge refuses to sign *any* bill of exceptions, in a cause tried before him, or a *particular* bill which it is conceded by him correctly sets forth the facts.

6. A judge will not be compelled by *mandamus* to sign a bill of exceptions, when he alleges in his return to the conditional writ, that the bill does not truly state the facts. The judges have sole power of determining whether the bill is true or not; their return to the writ being conclusive of the case, and not liable to be passed upon by a jury. The remedy in such case, if any, would seem to be, if a false return be made, an action on the case for damages.

7. The rule is that the judge, in a case where the charge is that he refused to sign *any* bill, is commanded, in the conditional writ, to sign and seal the bill if it correctly sets forth the facts. But where the complaint is that he refused to sign a particular bill, he is required in such writ to sign the bill or show cause why he has not done so.

8. In this case it was charged that, the judge refused to sign a particular bill, which truly set forth the facts, to which the judge answered that he did not refuse to sign any bill that correctly stated the facts, but that the particular bill did not fully and truly state the facts, but grossly misstated them, and that he had signed a bill which did so truly state the facts; therefore there was no ground for issuing the conditional writ, and the rule was discharged.

This was a rule awarded by this court at the January term 1871, against Hon. George Loomis, Judge of the circuit court of Wood county, on the application of William Douglass and S. Woodward.

The petition for the rule alleged in substance that, on the trial of a case in the county of Wood, in December, 1870, wherein the petitioners were defendants, they had during the progress thereof, asked certain instructions by the court to the jury, which were refused. That they then prepared a bill of exceptions to the opinion refusing the instructions, setting forth that the evidence adduced in the trial, tended to prove certain facts; sufficiently for the purpose of showing the relevancy of the instructions. Which bill of exceptions the court refused to sign, stating as a reason therefor, that it did not state the facts proven on the trial. That exception was also taken to the refusal to sign the bill. That the bill did fairly state the facts proven, as by an inspection of the record of the case would be apparent.

The petition prayed a mandamus *nisi*, requiring the judge to sign the bill, or to show cause why he had not done so, and upon default, that a peremptory *mandamus* commanding him to sign the bill, be awarded. To the rule issued, Judge Loomis answered, that he did not decline to make *any* bill of exceptions which properly set out the facts proved, or which the evidence tended to prove, or any bill properly stating the rulings of the court. That he did sign and make part of the record, a bill containing all the facts proved, as understood by him at the time, as appeared by his notes taken at the trial; and that the bill of exceptions tendered by the petitioners did not, in his opinion, fairly state the evidence produced, or facts proved, because it was proved, &c., (setting out the facts as he understood them,) That he pointed out the defects in the bill tendered by the petitioners, and proposed to correct it, but the counsel objected, and demanded the judge to sign it as they proposed it, or let it so remain that petitioners could have the benefit of the refusal.

The bill of exceptions tendered by petitioners, was incorporated in the rule served on the judge.

The petitioners demurred to the answer of the judge.

The points made in the argument appear in the opinion of the President.

*Boggess and Hutchinson,* for petitioners.
*Edmiston and J. M. Jacckson* for defendant.

BERKSHIRE P.   Original jurisdiction in cases of nmadamus,. is conferred on this court, by the eighth section of the sixth article of the constitution.

The terms employed to vest such jurisdiction are general'. And it is not provided, either in the constitution or the statute, when or in *what cases* it may be proper or necessary to issue the writ, nor is the mode of proceeding to obtain it prescribed. In these respects therefore, we are to look to and be govern ed by the principles of the common law. As to the proceedings necessary to procure the writ, the invariable practice seems to have been to apply in the first instance, by suggestion or motion, supported by affidavit, to the court having jurisdiction, for a rule against the defendant, or person refusing to do the act required to be done by the complainant, to show cause why a mandamus should not issue against him. And if, after such rule was served on him, the defendant *failed* to answer, a peremptory mandamus was issued,. commanding him to do the thing required to be peiformed. But if he returned an answer to the rule and failed to show sufficient cause against it, the rule was made absolute, and a conditional writ thereupon issued, commanding the defendant to perform the act complained of, or show cause *why* he had not done so. If on the other hand, sufficient cause was shown by the answer, the rule was thereupon discharged. If, however, in any case the *facts* on which the mandamus is made to depend, were disputed, the controversy thereon could not arise on the *rule* or answer to it, but *always* arose on the return to the conditional writ ; as to which return the complainant or pcrson who sues out the writ might demur or plead thereto. 2 Tucker Com. 202. Moses on Mandamus 201–2. *People* vs. *Commissioners, &c.,* 7 Wendell 474. *Sikes* vs. *Ransom,* 6 Johnson R. 279. *The People* vs. *Pearson,* 2 S. Com. 189. This practice of the common law is distinctly recognized by our Code, chapter 109, section 1 and 2, p. 570, and it is accordingly provided that "when a *mandamus is issued,* the return thereto shall state plainly and concisely the matters of law or fact relied on in opposition to the complainant,"

and that *thereupon* the complainant may demur, plead, &c., to such return. In what cases would the writ issue? Independently of any constitutional or statutory provision, it seems to have been long conceded and settled, that superior courts, by virtue of their supervisory powers over inferior courts, have jurisdiction to compel, by mandamus, the judges of such inferior courts to sign and seal in a proper case, bills of exceptions. This jurisdiction, it was conceded, at a very early period in the history of English jurisprudence, belonged to the court of the King's Bench, by reason of its appellant powers over the inferior tribunals of the Realm ; although from some cause, for which I can find no satisfactory explanation, no such writ seems ever to have issued from that court, and the practice was for it to issue from the court of chancery. Upon this principle the supreme court of the United States claimed and exercised jurisdiction in such cases, by virtue of its *appellant* jurisdiction conferred on it by the judiciary act. Exparte Bradstreet 4 Peters' R. 105. *Exparte Crane & others* vs. *Crane & others*, 5 Peters 189. And upon the same principle, the supreme courts of the States seem to have assumed and exercised jurisdiction in similar cases. *State of Ohio* vs. *Todd & others* 4 Ohio (*State*) R. 351. *Sykes* vs. *Ransom* 6 Johnson (*N. Y.*) R. 279. The jurisdiction of this court therefore to issue the writ, in a proper case, to compel a judge of the circuit court to sign and seal bills of exception, cannot be doubted. The material question however, is, *under what circumstances or state of facts* may such jurisdiction be invoked or exercised. It seems to be well established by the authorities, that this can only be done when the judge refused to sign *any* bill of exceptions, in a case tried before him, or a *particular* bill which it is conceded by him correctly sets forth the facts. It is equally clear however, that a judge will not be compelled by mandamus, to sign a bill of exceptions, when he alleges in his return to the original writ, that the bill does *not* truly state the facts; and also, that the judges have the sole power of determining whether the bill is true or not, their return to the writ being conclusive of the case, and not liable to be disputed or passed upon by a jury. And the remedy (if any) of the complainant in case of a false return would seem to be an action on the case for dam-

69

ages. And hence the rule is that the judge, in a case where the charge is that he refused to sign *any* bill, is commanded, in the conditional writ, to sign and seal the bill *if it correctly sets forth* the facts. But where the complaint is that he refused to sign a *particular* bill, he is required in such writ to sign the bill or show cause why he has not done so. Moses on Man. 19 Exparte Bradstreet 4 Peters R. 105. *Exparte Crane and others* vs. *Crane and others* 5 Peters 189; 2 Tucker Comn. 292. *State of Ohio* vs. *Todd and others* 4 Ohio (State) R. 351. *Sikes* vs. *Ransom* 6 Johnson (N. Y.) 279. *Porter* vs. *Harris* 4 Call. 485. *Jamison* vs. *Reid* 2 Gree. (Iowa) 394. *The People* vs. *Pearson* 2 Scam. 189. *State* vs. *Noggle* 13 Wis. 380. Hilliard on new trials 634. Todd's pr. 864 (side.) In this case it is alleged, in the petition for the rule, that the defendant Loomis refused to sign a particular bill, which was prepared by the complainant's counsel and presented to him, which bill, it is averred, truly set forth the facts. In his answer to the rule the defendant avers, in substance, that he did not refuse to sign *any* bill that correctly stated the facts, &c.; and further, that the particular bill, referred to in the petition for the rule, did *not* fully and truly state the facts, but on the contrary in some particulars grossly misstated them, and also that he had signed a bill which truly set forth the facts as they appeared on the trial. The answer, therefore, under the authorities before cited, showed good and sufficient cause against the issuing of the conditional writ, and the rule should be discharged with costs to the defendant.

The other judges concurred.

Writ of mandamus denied and rule discharged.