STATE *ex rel.* WAYNE BRONAUGH

*v.*

THE CITY OF PARKERSBURG, WEST VIRGINIA, *etc., et al.*

(No. 12312)

Submitted April 28, 1964.          Decided June 9, 1964.

*William L. Jacobs,* for relator.

*Charles V. Renner,* for respondents.

CAPLAN, JUDGE:

In this original proceeding in mandamus instituted in this Court on February 4, 1964, the petitioner, Wayne Bronaugh, seeks a writ to compel the defendants, The City of Parkersburg, a Municipal Corporation, and Paul D. Bee, Superintendent of the Department of Public Safety of the City of Parkersburg and, as such, an ex-officio member of the Board of Trustees of the Camden-Clark Memorial Hospital, and H. E. Dearth, Okey Bailes, George Stevenson, W. W. Jackson, Max Beren, Dr. Charles Goodhand, Elsie G. Hiehle, B. Barrett Evans, Roy Bundy, R. E. Stealey, Kathryn M. England, Joseph R. Farra, George Ruoff and H. Sutton Sharp, as members of the Board of Trustees of the Camden-Clark Memorial

Hospital, "to honor the petitioner's application for Staff Membership in and to use the facilities of the said Camden-Clark Memorial Hospital, or in the alternative commanding and compelling the said Board of Trustees of said Camden-Clark Memorial Hospital to give to the petitioner notice and hearing as required by law with respect to his request for Staff Membership and request for the privilege of using the facilities of said public hospital, * * *." A rule was granted by this Court returnable April 28, 1964, at which time the case was submitted for decision upon the pleadings, exhibits and stipulation, and upon the briefs and arguments of counsel.

Wayne Bronaugh is a physician and surgeon. Although he is a resident of Belpre, Ohio, he has been licensed to practice medicine in the State of West Virginia since 1933 and has practiced his profession in the Parkersburg area for more than thirty years. Doctor Bronaugh is a graduate of Jefferson Medical College in Philadelphia, a member of the American Medical Association, a member of the Ohio and West Virginia Medical Associations, and is a member of the Parkersburg Academy of Medicine. For many years the petitioner had been a member of the staff of the Camden-Clark Memorial Hospital and performed professional services for his patients at that institution.

Camden-Clark Memorial Hospital is a public hospital. It is owned by the City of Parkersburg and is under the general supervision and control of the council of said city, acting through a Board of Trustees, the members of which are defendants in this proceeding.

On July 1, 1960, the petitioner's staff privileges at that hospital were suspended for a period of three months. It is apparent from the record that sometime after the expiration of the suspension period Doctor Bronaugh made application for reinstatement as a member of the staff. Staff membership is granted on an annual basis from July 1 to June 30. The record does not reveal the exact date of his application for reinstatement as a staff member but on November 19, 1963, the Board of Trustees of said hospital passed a resolution denying the petitioner

staff membership, stating therein that "there has been presented to the Board of Trustees at this meeting credible information that the privileges of the said Wayne Bronaugh, M.D., were revoked by the St. Joseph's Hospital, Parkersburg, West Virginia, for good and sufficient cause and reason, * * * that the application for membership of the said Wayne Bronaugh, M.D., on the staff of this hospital be deferred until such time that the said Wayne Bronaugh, M.D., is reinstated as a member in good standing on the staff of said St. Joseph's Hospital, or that the said Wayne Bronaugh, M.D., shows unto this Board of Trustees that said St. Joseph's Hospital is ready and willing to reinstate him as a member of its staff in good standing."

The petitioner alleges that he repeatedly has attempted to be advised of the reasons for the denial of staff membership but that no reason has ever been given. He further alleges that he was unable to obtain a hearing on any charges upon which the Board may rely. The record reveals that the Board of Trustees forwarded a copy of the aforesaid resolution to the petitioner and that he was not afforded a hearing on the said Board's action.

It is the position of the defendants that the petitioner was cognizant of the reason for the revocation of his staff privileges at St. Joseph's Hospital and it was therefore not necessary to give any further reasons for their action or to grant him a hearing in relation thereto. In their demurrer the defendants say that the petitioner fails to allege grounds for mandamus; that mandamus is not the proper remedy in this case; and that the petitioner fails to allege that he has the necessary qualifications for staff membership or that he has complied with the requirements of the by-laws and rules and regulations of the said hospital in making his application.

Certain exhibits were filed by the parties hereto which, under the provisions of Rule II, 8, of the Rules of this Court, may become a part of the pleadings. By a properly executed stipulation the parties agree that the exhibits so filed are true copies of the originals thereof.

The first question to be considered is whether mandamus is the proper remedy for the relief sought. It has been authoritatively stated that the primary purpose or function of a writ of mandamus is to enforce an established right and to enforce a correspsonding imperative duty created or imposed by law. *Brumfield* v. *Board of Education of Logan County,* 121 W. Va. 725, 6 S. E. 2d 238; *Koebert* v. *City of Clarksburg,* 114 W. Va. 406, 171 S. E. 892; 55 C.J.S., Mandamus, Section 51. We must look to the facts and circumstances of this case to determine the right of the petitioner and the duty of the defendants.

The petitioner, Wayne Bronaugh, applied for membership on the staff of Camden-Clark Memorial Hospital, a public hospital. That his application was proper and his qualifications satisfactory was readily admitted by the following language contained in a letter from Charles F. Whitaker, M.D., Chairman, Credentials Committee, to the president of the staff, a copy of which letter is an exhibit herein: "This application has been reviewed by each member of the Credentials Committee, and we find it in order and take no exception as to the qualifications and data which has been submitted." Numerous meetings were thereafter held by the hospital authorities in relation to this petitioner's application. Subsequently, on November 19, 1963, the Board of Trustees, by resolution, deferred the petitioner's application for membership on the staff until he be reinstated as a member of the staff of St. Joseph's Hospital.

The authorities are almost unanimous in holding that private hospitals, in the exercise of their discretion, have the right to exclude licensed physicians from the use of their facilities. Public hospitals, however, are not entitled to that immunity. A regularly licensed physician and surgeon has a right to practice in the public hospitals of the state so long as he stays within the law and conforms to all reasonable rules and regulations of the institutions. *Henderson* v. *Knoxville,* 157 Tenn. 477, 9 S. W. 2d 697, 60 A.L.R. 652; *Findlay* v. *Board of Supervisors,* 72 Ariz. 58, 230 P. 2d 526, 24 A.L.R. 2d 841; *Hamilton County Hospital* v. *Andrews,* 227 Ind. 217, 84 N. E. 2d 469; 26 Am. Jur., Hos-

pitals and Asylums, Section 9; 41 C.J.S., Hospitals, Section 5.

While the right of the petitioner in this proceeding to become a member of the staff of this public hospital is not unlimited, such right nonetheless exists so long as he stays within the law and conforms to all reasonable rules and regulations of the hospital. He has a right to be admitted as a member of the staff or to be informed of the reason for the board's denial of that right. If he has violated the law or has failed to conform to the rules of the hospital he should be afforded an opportunity to hear any charge against him and to offer his defense thereto. The petitioner has been given no such opportunity here, although the record clearly shows that he many times has attempted to obtain a hearing.

It has been suggested that mandamus is not the proper remedy if the petitioner has any remedy at all. Admittedly, mandamus is not available where another adequate and specific remedy exists. This Court held in Point 2 of the Syllabus, *Stowers* v. *Blackburn*, 141 W. Va. 328, 90 S. E. 2d 277: "Mandamus will not be denied because there is another remedy, unless such other remedy is equally beneficial, convenient and effective." It is stated in 12 M.J., Mandamus, Section 9: "A remedy cannot be said to be fully adequate to meet the justice and necessities of a case, unless it reaches the end intended, and actually compels a performance of the duty in question." In the instant case the petitioner has a right to be admitted as a member of the staff of this public hospital so long as he stays within the law and conforms to all reasonable rules and regulations of the hospital. The governing body of such public hospital is under a corresponding duty to either admit the petitioner to staff membership or to deny his application for substantial cause or reason. No other remedy will more adequately compel the performance of this duty. The authorities reflect that the tendency is to enlarge and advance the remedy of mandamus rather than to restrict and limit it, in order to afford the relief a party is entitled to when there is no other adequate and complete relief. *Stowers* v. *Blackburn*, 141

W. Va. 328, 90 S. E. 2d 277; *Carter v. City of Bluefield,* 132 W. Va. 881, 54 S. E. 2d 747; *Cross v. West Virginia Central and Pittsburgh Railway Company,* 35 W. Va. 174, 12 S. E. 1071; 12 M.J., Mandamus, Section 3.

Defendants assert that injunctive relief is available to the petitioner and that he is thereby precluded from resorting to mandamus. We can not agree with this assertion. In this case the petitioner is seeking to restore the status quo, that is, he is attempting to compel the defendants to reinstate him as a hospital staff member. He is seeking affirmative relief. Any injunctive relief in these circumstances would be mandatory in nature, a harsh remedial process, used only in cases of great necessity and not looked upon with favor by the courts. 28 Am. Jr., Injunctions, Section 17. It was succinctly stated by this Court in *Backus v. Abbot,* 136 W. Va. 891, 69 S. E. 2d 48: "When the same relief sought by mandatory injunction in a suit in equity may be fully had in a proceeding in mandamus, a court of equity is without jurisdiction to entertain such suit for injunctive relief."

A further position taken by the defendants is that mandamus will not lie where the duty sought to be enforced is discretionary. It is generally accepted that mandamus may not be employed to compel an administrative officer to perform a particular act which he has refused to do, where his action depends upon the exercise of judgment or discretion on his part. However, when his refusal is arbitrary or capricious or is based upon no substantial reason, mandamus will lie. *Backus v. Abbot,* 136 W. Va. 891, 69 S. E. 2d 48; *Beverly Grill, Inc. v. Crow,* 133 W. Va. 214, 57 S. E. 2d 244; *State ex rel. Dillon v. Neal,* 104 W. Va. 259, 139 S. E. 757; *State ex rel. Noyes v. Lane,* 89 W. Va. 744, 110 S. E. 180; 12 M.J., Mandamus, Section 6.

In the instant case the petitioner was given no substantial reason for the denial of his request. He was merely told that his application was denied because similar privileges were revoked at a private hospital "for good and sufficient cause and reason". This does not inform him of the reason for the denial of his application for

staff membership at Camden-Clark Memorial Hospital. He was not thereby apprised of the commission of any violation of law or of the failure to comply with the rules and regulations of the public hospital to which he sought admission as a staff member. In the circumstances of this case the Board gave no substantial reason for its refusal and such action was arbitrary. We are of the opinion that mandamus is the proper remedy to compel the defendants to afford the petitioner an opportunity to be confronted with the reasons for the denial of his application and to be heard and offer his defense in relation thereto.

It is clear from the record in this case that one must be a member of the staff of this public hospital before he can practice his profession therein. A physician or surgeon who is not permitted to practice his profession in a hospital is, as a practical matter, denied the right to fully practice his profession. Much of what a physician or surgeon must do in this day of advanced medical technology can be done only in a hospital. Only there are found the facilities necessary for proper diagnosis or treatment. Although one's right to practice medicine is not absolute and unqualified, it is a valuable franchise afforded to one properly trained which should be reasonably protected. To make certain that this petitioner is not unduly deprived of his license to effectively practice his profession, it must be determined that the defendants acted fairly and that their decision was based on sufficient evidence. They can not act arbitrarily. Here their action was based on hearsay evidence, that is, matters which allegedly occurred at another hospital. This can not form a basis for any substantial reason to deny the petitioner's application for membership on the staff.

Although the defendants say that they have merely deferred action on the petitioner's application, their action is in effect a denial. They deferred action on his application "until such time that the said Wayne Bronaugh, M.D., is reinstated as a member in good standing on the staff of said St. Joseph's Hospital." The record clearly reveals that the petitioner has made an earnest effort to

be reinstated as a staff member at that private hospital but has been unsuccessful. St. Joseph's, being a private hospital, is not obligated to reinstate the petitioner. There is no manner in which the petitioner legally can force that hospital to reinstate him. Actually, the defendants have conditioned Doctor Bronaugh's admission as a staff member of Camden-Clark Memorial Hospital upon the happening of an event over which the latter has no control.

In *Hamilton County Hospital* v. *Andrews*, 227 Ind. 217, 84 N. E. 2d 469, the governing body of a public hospital, through its rules and regulations, required a doctor to become a member of a certain medical association before he could be eligible to become a staff member of such public hospital. This was a voluntary medical association to which he may not have desired to belong or to which for some reason he may not have been admitted. The Court said that such regulation was unreasonable for the reason that whether he could ever become a member of that association was beyond his control. Likewise, in the instant case the defendants are exacting a requirement of the petitioner which is beyond his control to fulfill. In effect, the defendant trustees are making eligibility for staff membership dependent, not upon their own regulations, but upon the occurrence of a contingency at another institution, over which none of the parties hereto have any control. This, in our opinion, constitutes a further abuse of discretion.

Although we believe that the defendants have abused their discretion, we are not disposed, in the present circumstances of this case, to compel the admission of this petitioner as a staff member of Camden-Clark Memorial Hospital. We do believe, however, that the petitioner has established a clear legal right to a hearing on his application and that such hearing must be afforded him.

For the foregoing reasons a writ is awarded compelling the defendants to grant the petitioner a hearing on his application in accordance with the views expressed herein.

*Writ awarded.*