650 S.E.2d 100

**STATE of West Virginia ex rel. Mark DICKERSON, Petitioner,**

v.

**THE CITY OF LOGAN, West Virginia; and the Logan City Police Civil Service Commission, Respondents.**

No. 33174.

Supreme Court of Appeals of West Virginia.

Submitted: Nov. 1, 2006.

Decided: Nov. 29, 2006.

Roger D. Forman, Esq., Forman & Huber, Charleston, for the Petitioner.

Edward I. Eiland, Esq., Eiland & Bennett, Logan, for Respondent City of Logan.

The Logan City Police, Civil Service Commission, Pro se.

PER CURIAM.

In this original mandamus proceeding, the petitioner, Mark Dickerson, challenges his discharge from employment as a probationary police officer employed by the City of Logan, West Virginia. Neither a written statement of reasons nor a hearing were afforded the petitioner prior to his discharge. On September 7, 2006, this Court issued a rule to show cause why relief in mandamus should not be granted. Thereafter, the City of Logan filed in this Court, and served upon

the petitioner, a letter dated October 10, 2006, describing various transgressions purportedly committed by the petitioner while on duty during the probationary period. The letter stated that the transgressions served as the basis for the discharge. Also filed was the response of the Logan City Police Civil Service Commission stating that, if this Court so determines, the petitioner will be provided a hearing.

■ This Court has before it the petition, the responses of the City of Logan and the Logan City Police Civil Service Commission, all matters of record and the argument of counsel. For the reasons stated below, this Court concludes that the discharge of the petitioner as a probationary police officer was not in accord with the required statutory procedures and, as a result, violated his right to due process of law. Accordingly, relief in mandamus is granted, and the respondent City of Logan is directed to reinstate the petitioner to his employment with back pay. This Court also directs that any further action taken by the respondents to discharge the petitioner as a police officer with the City be conducted in a manner consistent with the principles expressed in this opinion.

## I.

### Background

The petitioner was hired by the City of Logan as a probationary police officer in November 2005. On July 5, 2006, however, he was discharged from his employment by Police Chief David White. No explanation for the discharge was given. Moreover, the petitioner received neither a written statement of reasons nor a hearing concerning the discharge, although the petitioner asserts that he demanded both.

Thereafter, on July 26, 2006, the petitioner instituted this original proceeding in mandamus, contending that he was discharged by the City of Logan without notice and hearing

in violation of the required statutory procedures and in violation of his right to due process of law.[1] Upon issuance of the rule to show cause in September 2006, the City of Logan responded by filing in this Court an October 10, 2006, letter to the petitioner from Mayor Claude Ellis stating that the petitioner's termination as a probationary police officer was based upon a number of transgressions occurring between December 2005 and June 2006. Specifically, the letter asserted that the petitioner, while on duty: (1) used abusive and profane language toward various individuals, (2) engaged in personal matters, (3) left town on one occasion for personal reasons, (4) threatened members of the public and (5) wrecked a police cruiser and, thereafter, misrepresented the speed driven prior to the accident. The petitioner filed a reply in this Court contesting the accusations and again demanded a hearing before the Logan City Police Civil Service Commission. As stated above, the Civil Service Commission indicates that, if this Court so determines, a hearing will be provided.

## II.

### Standard of Review

■ Original jurisdiction in mandamus proceedings is conferred upon this Court by art. VIII, § 3, of The Constitution of West Virginia.[2] See also, Rule 14(a) of the West Virginia Rules of Appellate Procedure, and W.Va.Code, 51-1-3 (1923), recognizing such jurisdiction. The function of the writ of mandamus was noted by this Court in State ex rel. Bronaugh v. City of Parkersburg, 148 W.Va. 568, 136 S.E.2d 783 (1964): "It has been authoritatively stated that the primary purpose or function of a writ of mandamus is to enforce an established right and to enforce a corresponding imperative duty created or imposed by law." 148 W.Va. at 572, 136 S.E.2d at 785-86. Syl. pt. 1, Brumfield v. Board of Education of Logan County, 121

---

1. W.Va. Const. art. III, § 10, provides: "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

2. W.Va. Const. art. VIII, § 3, provides that the Supreme Court of Appeals "shall have original jurisdiction of proceedings in habeas corpus, mandamus, prohibition and certiorari." This Court acknowledged its original jurisdiction in mandamus proceedings as early as 1871. See, syl. pt. 1, Douglass v. Loomis, 5 W.Va. 542 (1871).

W.Va. 725, 6 S.E.2d 238 (1939). Specifically, syllabus point 3 of *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781 (1981), holds:

> Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law.

Syl. pt. 1, *State ex rel. Sams v. Commissioner*, 218 W.Va. 572, 625 S.E.2d 334 (2005); syl. pt. 1, *State ex rel. Bailey v. Division of Corrections*, 213 W.Va. 563, 584 S.E.2d 197 (2003); syl. pt. 1, *State ex rel. Stull v. Davis*, 203 W.Va. 405, 508 S.E.2d 122 (1998); syl. pt. 1, *Meadows v. Lewis*, 172 W.Va. 457, 307 S.E.2d 625 (1983); 12B M.J., *Mandamus* § 3 (Matthew Bender & Co.2003).

## III.

## Discussion

In seeking mandamus relief, the petitioner relies upon the statutory provisions concerning police civil service commissions and the employment of police officers found in Chapter 8, Article 14, of the West Virginia Code. Pursuant to *W.Va.Code*, 8–14–11 (1981), thereof, the appointment of a new officer to a police department "shall be for a probationary period of one year." That statute also states, however, that, at any time during the probationary period, "the probationer may be discharged for just cause, in the manner provided in section twenty [*W.Va.Code*, 8–14–20] of this article." Here, the petitioner was hired and began working in November 2005, and the accusations against him allegedly took place between December 2005 and June 2006, during his probationary period. The petitioner's July 5, 2006, termination by the Chief of Police was also within the probationary period.

As *W.Va.Code*, 8–14–20(a) (1996), provides: "No member of any paid police department[3] subject to the civil service provisions of this article may be removed, discharged, suspended or reduced in rank or pay except for just cause, ... and in no event until the member has been furnished with a written statement of the reasons for the action." Furthermore, under *W.Va.Code*, 8–14–20(a) (1996):

> If the member demands it, the commission shall grant a public hearing, which hearing shall be held within a period of ten days from the filing of the charges in writing or the written answer thereto, whichever shall last occur. At the hearing, the burden shall be upon the removing, discharging, suspending or reducing officer, hereinafter in this section referred to as "removing officer," to show just cause for his or her action, and in the event the removing officer fails to show just cause for the action before the commission, then the member shall be reinstated with full pay, forthwith and without any additional order, for the entire period during which the member may have been prevented from performing his or her usual employment, and no charges may be officially recorded against the member's record.[4]

In *Major v. DeFrench*, 169 W.Va. 241, 286 S.E.2d 688 (1982), a probationary police officer, Martha Major, appealed to the Circuit Court of Monongalia County, West Virginia, from the decision of the City of Morgantown discharging her from employment. Upholding the discharge, the Circuit Court ruled that, inasmuch as Ms. Major was terminated at the end of her probationary period, she was not entitled to a written state-

---

3. "Member of a paid police department" is defined in *W.Va.Code*, 8–14–6 (1969), as follows:

   The term "member of a paid police department," whenever used in the following sections of this article, shall mean and include any individual employed in a paid police department who is clothed with the police power of the State in being authorized to carry deadly weapons, make arrests, enforce traffic or other municipal ordinances, issue summons for violations of traffic and other municipal ordi-

nances, and perform other duties which are within the scope of active, general law enforcement.

4. It should be noted that, in addition to providing for an appeal from an adverse decision of a police civil service commission, *W.Va.Code*, 8–14–20(b) (1996), states: "The member or removing officer also has the right, where appropriate, to seek, in lieu of an appeal, a writ of mandamus."

ment of the reasons for her termination or a hearing to contest the City's decision. Upon appeal, this Court reversed and remanded, concluding that the procedural protections afforded Ms. Major pursuant to the statutory scheme found in Chapter 8, Article 14, had been violated. As this Court stated in the opinion:

> The statute [*W.Va.Code*, 8–14–11] provides that the appointing officer may not remove a probationary employee during the one year probationary term without complying with the procedural protections of W.Va.Code § 8–14–20, including furnishing the probationer a written statement of the reasons for her removal, and an opportunity for a hearing. It is only at the end of the probationary period that the statute purportedly permits dismissal without a written statement of reasons and without a hearing. The protections afforded to the employee during the probationary term indicate that the Legislature intended probationary civil service employees to have the full benefit of the one year probationary period in order to prove themselves capable of the job, and to give the appointing authority an opportunity to fully evaluate the probationer's job performance. * * *

> The same procedural protections which are afforded a probationary employee during his [or her] probationary term are required upon nonretention of the employee at the conclusion of the probationary term. These procedures include the right to a written notice of the reasons for the action taken against the employee, and the opportunity for an adversarial hearing. *See*, W.Va.Code § 8–14–20. These procedures insure that a fair and correct decision is made, and benefit the city in that they insure that permanent positions on the police force will be filled by the most qualified candidate.

169 W.Va. at 249–50, 258–59, 286 S.E.2d at 694, 698. Thus, syllabus point 6 of *Major v. DeFrench* holds: "A police civil service em-ployee who is dismissed from employment at the end of her probationary term, is entitled to the procedural protections set out in W.Va.Code § 8–14–20." *See also, Alden v. Harpers Ferry Police Civil Service Commission,* 209 W.Va. 83, 543 S.E.2d 364 (2001), holding that, before a civil service police officer may be disciplined through discharge, suspension or reduction in rank or pay, he or she must be afforded a predisciplinary hearing, unless there exists exigent circumstances that require the recommended disciplinary action to precede such hearing.

In the case now to be determined, although the facts relating to the petitioner's alleged transgressions are disputed, there is no dispute concerning the procedural history surrounding his discharge by the City of Logan. The petitioner was discharged on July 5, 2006, for alleged acts occurring between December 2005 and June 2006, all within his probationary period as a police officer. No explanation for the discharge was given, and, the petitioner's demand notwithstanding, no written statement of reasons or an adversarial hearing were provided. The letter of October 10, 2006, setting forth the petitioner's alleged transgressions for the first time, was filed in this Court and served upon the petitioner after the rule to show cause herein was issued. Under these circumstances, the reasoning of *Major v. DeFrench* is persuasive, and this Court must conclude that the petitioner's right to due process was violated by the City of Logan's failure to provide a timely written statement of the reasons for the discharge and the opportunity for a hearing, both of which are contemplated under *W.Va.Code,* 18–4–20(a) (1996). In every view, therefore, the petitioner is entitled to relief in mandamus.[5]

## IV.

### Conclusion

For the reasons set forth, relief in mandamus is granted, and the respondent City of

---

**5.** Of course, this holding should not be construed as prohibiting the ultimate discharge of the petitioner from his employment with the City of Logan if the transgressions alleged in the letter of October 10, 2006, or other purported incidents of misconduct, are sufficiently established within the context of the procedural protections discussed above. *See, Alden, supra,* 209 W.Va. at 88, 543 S.E.2d at 369.

Logan is directed to reinstate petitioner Mark Dickerson to his employment with back pay. This Court also directs that any further action taken by the respondents to discharge the petitioner from his employment as a police officer with the City be conducted in a manner consistent with the principles expressed in this opinion.

Writ Granted as Moulded.