## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia ex rel. Brandon Willis,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0344** (Wayne County 15-C-231)

**The City of Kenova, a Municipal Corporation,**
**Respondent Below, Respondent**

**FILED**

**February 17, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Brandon Willis, by counsel Scott E. McClure, appeals the "Order of Dismissal" entered by the Circuit Court of Wayne County on March 7, 2016, in which the circuit court dismissed petitioner's petition for a writ of mandamus. Respondent City of Kenova, by counsel Debra C. Price, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

#### Factual and Procedural Background

Petitioner was employed by respondent as a police officer from October of 2008 until he tendered his resignation on August 13, 2014. Petitioner's resignation letter states as follows:

To Whom it May Concern:

It is with great regret that I am writing this letter. As of August 13, 2014, I, Brandon Willis, do officially resign from my position as Officer First Class from the Kenova Police Department. I want to thank you for the opportunity I had to work as an Officer in the city that I grew up in and have a deep affection for. I have learned many things in the last six years and I am fortunate to have been able to perform the duties of an officer in this city. I feel that it is time for me to step away and pursue other employment at this juncture in time. I again thank you for the opportunities that I have had over the last six years; I wish the best to all whom work in Kenova and for the ones that will work here. I pray that they have a deep appreciation and love for the city as I do.

Sincerely,

1

Brandon S. Willis

Following petitioner's resignation, respondent filled petitioner's position with another officer, and petitioner ultimately became employed by another police department.

On December 18, 2015, petitioner filed the instant petition for a writ of mandamus in the Circuit Court of Wayne County, in which he alleged that he resigned under duress and that respondent denied him his civil service protections applicable to municipal civil servants.[1] Specifically, petitioner alleged that he was called to a meeting on August 8, 2014, with respondent's chief of police, mayor, and city attorney; that he was interrogated by the chief of police and accused of engaging in criminal conduct; that he requested and was denied the opportunity to have counsel present; that he was advised that if he did not resign, he would lose his law enforcement certification; and that, shortly after the meeting, respondent stripped him of his service weapon, badge, uniform, service cruiser, and suspended him without pay. Petitioner also alleged that he requested a hearing before the policemen's civil service commission on October 7, 2015, but respondent ignored his request. Petitioner sought reinstatement to his former position, back pay, and attorney's fees.

Respondent filed an answer, in which it sought dismissal of the mandamus petition, and a memorandum in opposition to the petition.[2] Petitioner thereafter filed a response to respondent's memorandum. On February 23, 2016, the circuit court conducted a hearing on the matter. At the hearing, petitioner admitted that he was aware of his civil service protections at the time he

---

[1] Respondent does not dispute that petitioner was covered by the civil service protections afforded by statute prior to his resignation. West Virginia Code §§ 8-14A-3(a) and (b) provide as follows:

> (a) Before taking any punitive action against an accused officer, the police or fire department shall give notice to the accused officer that he or she is entitled to a hearing on the issues by a hearing board or the applicable civil service commission. The notice shall state the time and place of the hearing and the issues involved and shall be delivered to the accused officer no later than ten days prior to the hearing.

> (b) When a civil service accused officer faces a recommended punitive action of discharge, suspension or reduction in rank or pay, but before such punitive action is taken, a hearing board must be appointed and must afford the accused civil service officer a hearing conducted pursuant to the provisions of article fourteen, section twenty, or article fifteen, section twenty-five of this chapter: Provided, That the punitive action may be taken before the hearing board conducts the hearing if exigent circumstances exist which require it.

[2] The circuit court refers to respondent's pleadings collectively as a motion to dismiss.

2

tendered his resignation, but that he failed to request a hearing until October of 2015 -- fourteen months after the meeting during which petitioner claimed he was forced to resign.[3]

By order entered on March 7, 2016, the circuit court dismissed petitioner's mandamus petition. The circuit court concluded, in relevant part, as follows:

> 2. Since petitioner resigned from his position with Kenova, the Court would be required to take evidence and make a factual finding as to whether or not such resignation was coerced, negating any contention that the Petitioner has a "clear legal right" to the relief sought;
>
> 3. Even assuming, as Petitioner contends, that he was forced to resign his position and that certain of his rights were violated in an interrogation, then he has an adequate remedy at law and may seek redress against the City for wrongful termination; [and]
>
> 4. While civil service protections do not attach to a case of **a resignation,** even assuming Petitioner was entitled to civil service protection, his request is untimely. Petitioner waived his right to invoke civil service protections by his unreasonable fourteen-month delay in asserting those rights and requesting a hearing before the Kenova Policemen's Civil Service Commission.

(Emphasis in original). The circuit court's order also stated that its findings were made "in the narrow context of the relief sought -- a writ of mandamus -- and the time frame between when the petitioner resigned and when he requested the hearing." Petitioner now appeals to this Court.

**Discussion**

This Court has held as follows with respect to a petitioner's entitlement to a writ of mandamus:

> Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law.

Syl. Pt. 3, *Cooper v. Gwinn,* 171 W. Va. 245, 298 S.E.2d 781 (1981). "The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo." Syl. Pt. 1, *Ewing v. Bd. of Educ. of Cty. of Summers*, 202 W. Va. 228, 503 S.E.2d 541 (1998) (citations omitted).

---

[3] Respondent disputes petitioner's characterization of this meeting as an interrogation, but states that "such factual disputes are immaterial to this appeal, except to the extent that they establish that Petitioner had no 'clear legal right' to the relief sought."

On appeal, petitioner raises three assignments of error, the first two of which we address together. In his first assignment of error, petitioner argues that he demonstrated a violation of his constitutional and statutory rights and is entitled to the relief sought in his mandamus petition,[4] and that the circuit court erred by dismissing his petition without affording him the opportunity for a hearing thereon. Petitioner's second assignment of error is that the circuit court erred in finding that petitioner did not have a clear legal right to the relief sought, and, correspondingly, erred by finding that petitioner had an adequate remedy at law in the form of a wrongful termination claim.

Initially, we note that the circuit court conducted a hearing on February 23, 2016, to consider both the petition and respondent's motion to dismiss. While the transcript reflects that the hearing focused heavily on respondent's motion to dismiss, we cannot agree with petitioner that he was denied the opportunity to present his case at a hearing. Inasmuch as petitioner challenges the circuit court's conclusion that petitioner failed to establish a clear legal right to the relief sought, he directs us to *State ex rel. Dickerson v. The City of Logan*, 221 W. Va. 1, 650 S.E.2d 100 (2006), as controlling in his favor. *Dickerson* involved a probationary police officer who was discharged from his employment without a statement of reasons or a hearing. The officer sought a writ of mandamus, and this Court ruled that mandamus was the proper remedy under those facts and that the officer was entitled to the civil service protections set forth in Article 14, Chapter 8, of the West Virginia Code.

Contrary to petitioner's argument, the facts of the present case are plainly distinguishable from those in *Dickerson.* At the February 23, 2016, hearing, petitioner's counsel admitted that petitioner was aware of his entitlement to a civil service hearing if he believed he was facing disciplinary action at the time of the disputed meeting on August 8, 2014. Instead of invoking his rights, petitioner elected to tender his resignation just a few days later; he was not terminated, suspended, or disciplined. Given petitioner's decision to resign, the circuit court did not err by finding that petitioner failed to establish a clear legal right to reinstatement to his former position, back pay, or attorney's fees. Petitioner also failed to demonstrate a corresponding duty on the part of respondent to reinstate with back pay an officer who had resigned.[5]

Petitioner's final argument on appeal is that the circuit court erred by ruling that petitioner waived his right to invoke his civil service protections by waiting fourteen months before requesting a hearing before the Kenova Policemen's Civil Service Commission. In support of his argument, petitioner refers to footnote 13 of *Alden v. Harpers Ferry Police Civil Serv. Comm'n,* 209 W. Va. 83, 543 S.E.2d 364 (2001), in which we stated the following:

---

[4] The transcript from the February 23, 2016, hearing reflects that, in response to questioning from the court at the beginning of the hearing, petitioner's counsel indicated that the relief petitioner sought was to return to his former police officer position, back pay, and attorney's fees.

[5] Because we agree with the circuit court that petitioner failed to establish the first element required for a mandamus relief – a clear legal right to the relief sought – we need not address whether petitioner had an adequate remedy at law; to wit: a wrongful termination claim against respondent.

4

Neither is it apparent from the record, however, that Officer Alden vocalized his request for a pre-termination hearing at an early stage of the underlying proceedings. The first reference to Alden's complaint that he had been deprived of such a hearing appears in his Rule 59(e) motion before the circuit court, some *nineteen* months after his initial discharge from employment. While W.Va. Code § 8-14A-3(b) does not require the aggrieved employee to request such a hearing, we would recommend that future civil service officers observe basic concepts of fairness and judicial economy by timely filing a request therefor when their employers fail to honor their statutory rights. *See, e.g.,* Syl. pt. 4, *Hanlon v. Logan County Bd. of Educ.,* 201 W.Va. 305, 496 S.E.2d 447 (1997) ("In order to benefit from the 'relief by default' provisions contained in W. Va. Code § 18–29–3(a) (1992) (Repl.Vol.1994), a grieved employee or his/her representative must raise the 'relief by default' issue during the grievance proceedings as soon as the employee or his/her representative becomes aware of such default.").

Petitioner argues that it is not incumbent upon the officer to request the hearing to which he is entitled, but rather, the employer is required to provide the statutory protections without regard to any time frame. First, we disagree with petitioner's premise that he is entitled to a civil service hearing given his decision to resign. The case law relied upon by petitioner on appeal involves employees who were terminated or disciplined, as distinguished from an employee who resigns and then attempts to invoke civil service protection at some later date. Nevertheless, we have held that "[t]he writ of mandamus will be refused when the petitioner has unreasonably delayed his application for such writ and by reason of the delay the rights of the defendant or innocent third parties will be prejudiced by the issuance of the writ." Syl. Pt. 3, *State ex rel. Waller Chemicals, Inc. v. McNutt*, 152 W. Va. 186, 160 S.E.2d 170 (1968). This Court has also stated as follows:

> Though relief by mandamus may be refused when the petitioner has been guilty of unreasonable delay and the rights of the defendant or of innocent third parties will be prejudiced by the issuance of the writ, the circumstances surrounding the delay, the character of the case, the situation of the parties, the nature of the relief sought, and whether the rights of third parties have been innocently acquired, should be considered in determining whether the delay is unreasonable and justifies application of the equitable doctrine of laches; and what constitutes laches depends upon the facts and the circumstances of each particular case.

Syl. Pt. 6, *Herzog v. Fox,* 141 W. Va. 849, 93 S.E.2d 239 (1956).

In the present case, petitioner offers no explanation to justify why he waited fourteen months after his resignation to request a civil service hearing, and then another two months before filing his mandamus petition. Moreover, the record indicates that respondent filled the position vacated by petitioner with another officer whose employment would be potentially jeopardized if petitioner was permitted to proceed with his action. Accordingly, under the facts and circumstances of this case, we find no error in the circuit court's conclusion that petitioner waived his rights to invoke his civil service protections.

5

For the foregoing reasons, we affirm the Circuit Court of Wayne County's March 7, 2016, "Order of Dismissal."

Affirmed.

**ISSUED:** February 17, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker