## CHARLESTON.

STATE *ex rel.* MANUEL FERREL *v.* STATE COMPENSATION COMMISSIONER.

(No. 6717)

Submitted January 22, 1930. Decided January 28, 1930.

*F. A. McGrew,* for relator.

*Howard B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *Chas. D. Smith,* for respondent.

MAXWELL, JUDGE:

Petitioner was injured December 21, 1924, while in the course of his employment with the Boomer Coal & Coke Company, a subscriber to the compensation fund. The matter was first brought to the attention of the Commissioner January 26, 1929. Following this, on April 10, 1929, compensation was awarded petitioner on the basis of a fifty per centum disability, which entitled him to compensation for a period of two hundred weeks. In making the award the Commissioner entered an order that said compensation should begin as of July 1, 1928. Petitioner objected to the Commissioner's action in making the payments begin as of July 1, 1928, and requested the Commissioner to begin his compensation as of December 28, 1924, that being one week after the disability began. The Commissioner refused to make payment in accordance with such request which would of necessity occasion the payment of a lump sum, and this mandamus preceeding was instituted to compel him to do so.

The sole question raised goes to the right of the Commissioner to determine the time when such payment or payments shall be made under the award. Under the statute, is he compelled to start payments the week following the date of the injury or, in the exercise of broad discretion, may he fix the date for the beginning of the payments subsequent to such period and prior to the date of the award?

For the petitioner, it is contended that the legislative intent in such matters may be determined by Code, chapter 15P, section 30. "If the period of disability lasts longer than one week from the day the employee leaves work as the result of the injury, no award shall be allowed for the first week of such disability, * * *." Petitioner says that this clearly shows that compensation is to begin the second week after the injury and continue throughout the fixed term.

On the other hand, the Commissioner contends that Code, chapter 15P, section 42, controls. It provides: "Payments

may be made in such periodical installments as may seem best to the Commissioner in each case.''

We are not undertaking to express an opinion as to whether the Commissioner could make the payments under an award begin at a time subsequent to one week after the accident in an ordinary case, that is, where the application was made promptly after the time of the accident and where there were not unusual domestic surroundings. But here we have an unusual case. The applicant, because of ignorance of his rights, did not make application for compensation for more than four years after he received his injury. The Commissioner, being impressed that the claim was meritorious, entertained it and made an award, notwithstanding the great delay. The Commissioner's return and exhibits therewith disclose that he has made careful examination of this case. As stated in his return, he finds '' that the petitioner is uneducated and unable to conduct successfully his business affairs; that he lives with the family of his father and mother, which, including himself, consists of six members, and that a large portion of the compensation heretofore paid him, has gone for the support of this family, and only a small part thereof for the personal use of petitioner; that such money when received by the petitioner, has been turned over to his mother, and used by her as a common fund for the support of the entire family, for the payment of debts incurred by her and other members of the family, and used in other ways not beneficial to petitioner, and that if the remainder of the award is now paid to petitioner, in a lump sum, it would be used by his mother, as payments made to him in the past have been used, for purposes other than the support of petitioner, and that he would get no material benefit from the same, and would soon be left without a means of subsistence, and become a public charge; * * *.'' Now, considering both the circumstances under which the award was made and the situation of the petitioner as disclosed by the answer, we are impressed that under the broad provisions of section 42, *supra*, the Commissioner has not abused the discretion which is vested in him by law in directing that the payments be made to the petitioner in such manner as to the Commissioner may seem

480

best for both the petitioner and the public, it being borne in mind that the object of the Workmen's Compensation Law is not only to afford compensation to an injured workman but to safeguard the public against the possibility of such workman becoming a public charge. We are therefore of opinion that a clear right to mandamus as is required under the law before such writ may properly emanate is not here presented. "Clear legal right of the relator in mandamus to have performance of the act he seeks to coerce performance of, and plain duty to perform it, on the part of the respondent, are essential to the award of the writ." *State ex rel. Smith v. County Court,* 78 W. Va. 168.

Nothing herein shall be construed as prejudicial to the rights of the relator for further compensation on the basis of greater per centum of disability than that heretofore accorded him, or on the basis of permanent total disability, if such proves to be the fact, from the time the same may be shown to have developed.

*Writational denied.*