BAZZ WATSON *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7262)

Submitted January 27, 1932.    Decided February 2, 1932.

*W. L. Taylor,* for relator.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

WOODS, JUDGE:

Bazz Watson, upon the compensation commissioner's refusal to entertain a claim, which arose in 1921, on the ground of an alleged non-compliance with the statute requiring such claims to be filed within six months after injury, resorts to mandamus.   He seeks to invoke this extraordinary writ on the assumption that he had substantially complied with the statute, citing *Culurides* v. *Ott,* 78 W. Va. 696, 90 S. E. 270.

This Court, in the case of *Poccardi* v. *Ott,* 83 W. Va. 166, 98 S. E. 69, 70, held that to entitle an applicant to partici-

pate in the workmen's compensation fund he must file his application with the commissioner within six months after the date of death or injury of the person on whose account the claim is made. In that case "the claim for such compensation was not made in due form or in any form within six months from and after the death of the decedent," although petitioner had been promptly notified of the death of decedent a very few days after it occurred. The statute at that time provided that the application "must be made in due form," while it now reads "must be made on form or forms prescribed by the commissioner and filed" within six months. Acts 1919, chapter 131, section 39; Code 1931, 23-4-15.

Was a claim filed within the meaning of the statute in the instant case?

The petitioner alleges, among other things, that Watson was injured April 13, 1921; that three weeks thereafter he received word his mother in Alabama was critically ill; that before leaving for Alabama he showed the letter to the company doctor, and was requested to, and did, sign something regarding compensation; that petitioner authorized one Austin with whom he had been boarding and lodging to look after the compensation to deduct for board and lodging, and to transmit the remainder to petitioner; that after failure to hear from Austin for about three weeks, petitioner wrote requesting that Austin investigate; that Austin, as petitioner is advised, did appear before the commissioner for the purpose of executing any and all papers necessary; that the commisioner was at that time shown petitioner's communication, which bore the latter's address; that Austin was told that he could not sign for the claimant; that claimant never received any word from Austin, the commissioner, or the coal company officials.

The answer of the commissioner denies any record of the alleged visit by Austin to his offices. The records show that the commissioner, upon receipt of form No. 13, from the employer, forwarded form No. 6, Formal Application, and No. 7, Report of Attending Physician, to the employer; that in July of that year additional copies of said blanks were again forwarded the employer; that these latter blanks were returned

with the notation that claimant had left and that his whereabouts were unknown.

There is nothing in the petition or the affidavits, the latter having been filed with the commisioner since petitioner's return to West Virginia in 1930, to the effect that petitioner at any time after his alleged communication with Austin, made inquiry of anyone—Austin, the commissioner or the employer —concerning compensation. Nor does he aver that he ever heard from Austin concerning the latter's alleged visit to Charleston, until petitioner's return to West Virginia. The admitted non-action on the part of both the claimant and his boarding house proprietor, in view of the admitted interest of each, speaks strongly in favor of the correctness of the commissioner's records, which show no appearance of Austin in behalf of petitioner, if that were sufficient.

In view of the pleadings and exhibits, we cannot say that a claim of any sort was ever filed within the six months period, or at any subsequent period, unless the affidavit of petitioner, filed in 1930, could be so considered. Claimant has fallen far short of showing such a clear right as is required to maintain mandamus. *State ex rel. Smith* v. *County Court,* 78 W. Va. 168, 88 S. E. 662; *State ex rel. Ferrell* v. *Commissioner,* 108 W. Va. 477, 151 S. E. 706.

*Writ denied.*