CHARLES C. KOEBERT *v.* CITY OF CLARKSBURG, *A Municipal Corporation, et al.*

(No. 7749)

Submitted November 8, 1933. Decided December 5, 1933.

*John B. Wyatt,* for relator.
*O. L. McDonald,* for respondents.

WOODS, JUDGE:

Charles Koebert, formerly a member of the fire department of the city of Clarksburg, seeks, by mandamus, to compel the city manager to re-instate him, and the proper officer to pay him the salary accruing since the alleged removal, on the theory that he was unlawfully removed because of his political affiliations. The answer denies that the removal was for such reason, but rather for inefficiency. A general replication was filed.

Under section 14 (b) of the charter (Municipal Charters, Chap. 6, Acts 1921) the city manager may "Appoint and remove in the manner herein provided all administrative officers and employ and discharge *at will* all other employees of the city, except employees in the police department and in the water department." And section 51 provides: "No person in the service of the city of Clarksburg, or seeking admission thereto, shall be appointed, reduced or removed, or in any way favored or discriminated against because of political opinions, affiliations; or because of race, color or religious belief. No officer or employee of the city shall directly or indirectly solicit or receive, or be in any manner concerned, in soliciting or receiving any assessment, subscription or contribution for any party or political purpose whatever. Any person violating the provisions of this section shall be guilty of a misdemeanor, and upon conviction thereof shall be fined fifty dollars."

From a consideration of the two sections it seems clear that the city manager is authorized to remove members of the fire department at will, so long as he does not do so on account of their political affiliations. So, the relator's qualifications as a fireman are not in issue, except in so far as they have a bearing on whether or not he was removed for political reasons.

It is admitted on the record that the fire department (excluding the chief, a republican) is now made up of fourteen democrats and ten republicans; whereas prior to the election of the new council, and the appointment of Rodney as manager, there were fifteen republicans and nine democrats. This, how-

ever, is not sufficient in itself to establish relator's right to the writ.

Evidence was submitted on behalf of relator, by the other removed firemen, to the effect that Rodney had stated that some of the boys would have to go. Witness Welch, not a member of the department, who saw Rodney on behalf of relator, says that Rodney told him that Koebert was not fitted for position and that he (witness) would have to see Stanton, councilman, in reference to appointees from that ward. Relator testified that he was informed by Rodney that if he wanted to hold his job he had better see Stanton. Rodney, however, specifically denied all statements attributed to him by the various witnesses with reference to politics, explaining that, while he made a cursory investigation of the various departments in the interest of efficiency, Koebert was dismissed primarily upon the recommendation of Hoffman. It appears that the latter has been connected with the fire department for twenty-three years—the past eighteen in capacity of chief, to which position he was re-appointed by the incoming council. Hoffman testified that, in addition to complaints from men working on shifts with Koebert, he had found relator lying on his bed on three different occasions (reading twice and asleep once) with his part of the work not done. He also referred to other incidents to show Koebert's lack of interest in his work. The rebuttal dealt chiefly with Koebert's qualifications as fireman, and was given chiefly by men from sections of the city other than that in which Koebert worked and lived, and is not of such a nature as to override the positive testimony of removal for cause submitted on behalf of respondents.

It is a cardinal rule that one who would invoke mandamus must show a clear legal right "to have performance of the act he seeks to coerce performance of, and plain duty to perform it, on the part of the respondent." *State ex rel. Smith* v. *County Court,* 78 W. Va. 168, 88 S. E. 662; *State ex rel. Black* v. *Road Commission,* 108 W. Va. 41, 151 S. E. 319; *Ferrel* v. *Compensation Commissioner,* 108 W. Va. 477, 151 S. E. 706; *West* v. *Stephenson, Pres.,* 108 W. Va. 545, 151 S. E. 853; *Reynolds* v. *Fielder,* 110 W. Va. 240, 157 S. E. 597; *Watson* v. *Compensation Commissioner,* 111 W. Va. 479, 163 S. E. 43;

*Norris, Justice* v. *County Court,* 111 W. Va. 692, 163 S. E. 418. The evidence relied on to establish relator's claim that politics was the reason for his removal is not of that clear and convincing character necessary to invoke mandamus. Relator has failed to carry the burden cast upon him by the law.

We accordingly deny the writ.

*Writ denied.*