**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**


**Susan Casdorph**
**Petitioner Below, Petitioner**

**v.) No. 24-284** (Kanawha County CC-20-2023-P-244)

**City of South Charleston,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Susan Casdorph appeals the April 3, 2024, order of the Circuit Court of Kanawha County, West Virginia, granting Respondent City of South Charleston's motion to dismiss the petitioner's petition for a writ of mandamus and/or prohibition and complaint for declaratory relief related to the denial of a permit to keep chickens on her property.[1] The petitioner broadly assigns error to the circuit court's dismissal of her case. The respondent asserts a cross-assignment of error contending that the petitioner's claims are moot based on the amendment of the relevant city ordinance. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary we therefore issue this memorandum decision dismissing as moot in part, and affirming in part, the circuit court's order. *See* W. Va. R. App. P. 21.

The petitioner is a resident of the City of South Charleston. She sought a permit from the City of South Charleston Property Board to keep chickens on her property under City Code of the City of South Charleston § 505.06 (2014). City Code § 505.06 requires a permit to keep "animals or poultry" on property within the City and provides "[t]he Property Board may issue such a permit if it, in its opinion, determines that such animal shall not constitute a nuisance, health problem or unsanitary condition." The petitioner submitted a lengthy application, including a written consent by her neighbors to her keeping of chickens.

Prior to seeking the permit, the petitioner submitted a request under the Freedom of Information Act, West Virginia Code § 29B-1-1 to -7 ("FOIA"), for "[e]very paper application or request made in writing for a permit to keep or harbor chickens" within the City since 2012. Alternatively, the petitioner requested a list of every person making an application or request to keep or harbor chickens; every permit issued to keep or harbor chickens; and a copy or list of every application or request to keep or harbor chickens that was denied "which copy or listing would include the reasons for denial." In response, the City instructed the petitioner to schedule a time to

---

[1] The petitioner is represented by counsel Paul L. Frampton Jr. The respondent is represented by counsel W. Michael Moore, Marey Casey, and Donna S. Quesenberry.

inspect records. The petitioner alleged that when she called the contact person provided in the City's response, she was informed that no records existed.[2]

The Property Board heard the petitioner's application on December 6, 2022, with a fifty-minute presentation, including a question-and-answer period. Although no records were provided to the petitioner in response to her FOIA request, members of the Property Board discussed prior applications during this time. Comments by the members of the Property Board indicated that they were generally opposed to allowing chickens in the City, and one member commented that "if I was to ever agree to it, it would be to you." It appears undisputed that the Property Board had not issued a permit for a resident to keep chickens under City Code § 505.06. On January 4, 2023, the Property Board denied the petitioner's application by letter, citing as the deciding factor that "the chickens would attract predator animals such as raccoons and coyotes to the area. Also discussed was the waste smell and how it would be an issue."

The petitioner filed a petition for a writ of mandamus and/or prohibition and complaint for declaratory relief in the circuit court, contending that "a reasonable municipal authority acting pursuant to the law" would have issued her a permit and that the denial of the permit did not indicate how the Property Board's vaguely stated concerns could be satisfied. She claimed that the Property Board's decision was not based on the sufficiency of her application or on the evidence she presented and, instead, that it simply did not want to issue any permits for the keeping of chickens under the ordinance, constituting a "de facto moratorium." The petitioner challenged City Code § 505.06 as unconstitutional both as written and applied. She sought a "writ of mandamus/prohibition" and declarations regarding both her permit application and City Code § 505.06 generally. The respondent moved to dismiss the petition. Subsequently, the respondent advised the circuit court that, in August 2023, the City Council amended and reenacted City Code § 505.06. Under the amended ordinance, the City prohibited the keeping of chickens, among other animals, thereby eliminating discretionary permitting by the Property Board.

In an order entered April 3, 2024, the circuit court granted the respondent's motion to dismiss finding, among other things, that City Code § 505.06 did not establish a clear right to keep chickens within the City or a clear legal duty of the Property Board to issue a permit to do so. The court further found that the Property Board's discretionary authority in refusing the petitioner's permit was not exercised in an arbitrary, capricious, and unreasonable manner and that the petitioner was not denied an opportunity to inspect records; thus, a writ of mandamus/prohibition did not lie. The court further concluded that the petitioner was not denied due process in the consideration of her permit application. The petitioner appealed.

Although the circuit court did not address mootness, we must first address to what extent our review is limited given the undisputed amendment of City Code § 505.06. We have held that "'[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a

---

[2] Although the petitioner recited the facts related to her FOIA request in the petition, she did not request relief specifically related to her FOIA request in her "request for relief" under any of her causes of action and instead focused on relief related generally to maintaining "adequate records" under prior City Code § 505.06.

2

court.' Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl., *City of Martinsburg v. Cnty. Council of Berkeley Cnty.*, 247 W. Va. 320, 880 S.E.2d 42 (2022). "The general rule, subject to certain exceptions, is that appeals will be dismissed where there is no actual controversy existing between the parties[.]" Syl. Pt. 1, in part, *W. Va. Bd. of Dental Exam'rs v. Storch*, 146 W. Va. 662, 122 S.E.2d 29 (1961). In this case, it is undisputed that City Code § 505.06 was amended. The petitioner sought declaratory judgment related generally to prior City Code § 505.06, including general recordkeeping requirements for that ordinance, but that ordinance is no longer in effect and so those claims are moot. Likewise, her petition for a writ of mandamus and a writ of prohibition generally related to requiring certain practices and procedures, including recordkeeping requirements, under the prior version of City Code § 505.06 is moot. What remains a live controversy for our review in this appeal is the dismissal of the petitioner's claims specifically related to the respondent's consideration of her application for a permit to keep chickens on her property under the prior version of City Code § 505.06.

We review the granting of a motion to dismiss de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). In review of a motion to dismiss, we construe the complaint in the light most favorable to the petitioner; however, "legal conclusions, unsupported conclusions, unwarranted references and sweeping legal conclusions cast in the form of factual allegations" can be ignored. *Brown v. City of Montgomery*, 233 W. Va. 119, 127, 755 S.E.2d 653, 661 (2014) (citation and footnotes omitted).

*Petition for a Writ of Mandamus*

The petitioner sought a writ of mandamus compelling the issuance of a permit for the keeping of chickens on her property. In this case, the granting of a permit was discretionary and "mandamus does not typically lie to compel discretion acts[.]" *Casey v. W. Virginia Bd. of Veterinary Med.*, 226 W. Va. 6, 8, 697 S.E.2d 42, 44 (2010) (footnote omitted).

Nevertheless, mandamus does lie when a discretionary action is exercised in an arbitrary or capricious manner. *See, e.g., State ex rel. Maple Creative, LLC v. Tincher*, 226 W. Va. 118, 120, 697 S.E.2d 154, 156 (2010). Reviewing the factual allegations of the petition, the circuit court concluded that the Property Board's exercise of its discretionary authority was not arbitrary, capricious or unreasonable based on their stated reasons for denial that corresponded to the factors specified for consideration under City Code § 505.06. We agree. The petitioner's own allegations demonstrate that the respondent considered her application for a permit, with the petitioner presenting the application and discussing its merits at length during a meeting of the Property Board. The written denial of the petitioner's permit, attached as an exhibit to the petition, provided that the members of the Property Board had a chance to read the material she provided, that there was a discussion, and that they voted not to allow the chickens on her property. The written denial provided a substantive reason for the denial based on factors expressly listed for consideration in the ordinance. Under these circumstances, we cannot conclude that the circuit court erred in finding that the allegations in the petition could not support a claim for mandamus.

*Petition for a Writ of Prohibition*

3

To the extent the petitioner's petition for a writ of prohibition is based on the consideration of her application and is not moot, it appears she asked the circuit court to issue a writ of prohibition prohibiting the respondent from enforcing a claimed "de facto" moratorium on the issuance of a discretionary permit for keeping chickens under the prior ordinance. The circuit court concluded that the petition failed to state a claim for a writ of prohibition because whether to issue a permit was within the "discretion of the Property Board based upon its consideration of the potential for a nuisance, health problem, or unsanitary condition." This Court has concluded that writs of prohibition are typically inappropriate when the issues raised are discretionary or purely factual. *State ex rel. Doe v. Troisi*, 194 W. Va. 28, 31, 459 S.E.2d 139, 142 (1995). The then-in-effect City Code § 505.06 provided "[t]he Property Board *may* issue such a permit if it, *in its opinion*, determines that such animal shall not constitute a nuisance, health problem or unsanitary condition." (Emphasis added). Therefore, the decision of the Property Board regarding the petitioner's permit application under City Code § 505.06 was plainly discretionary. Further, the City has statutory authority to regulate or prohibit chicken-keeping. *See* W. Va. Code § 8-12-5(25) (providing a municipality has the authority to "[t]o regulate or prohibit the keeping of animals or fowls. . . ."). Although the petition contained an allegation that the respondent enacted a "de facto moratorium on the issuance of permits for the keeping or harboring of chickens," the circuit court was not bound to consider that conclusory allegation in its analysis. *See Brown*, 233 W. Va. at 127, 755 S.E.2d at 661 (when evaluating a pleading for a motion to dismiss, courts can ignore legal conclusions asserted as factual allegations in a complaint). Instead, the court properly focused on the allegations in the petition that the petitioner applied for the permit, the Property Board reviewed her application, met with her, asked questions, and provided a written denial with reference to issues relevant to their consideration of the permit under the language of the ordinance. In these circumstances, we cannot conclude that the court erred in determining that the petitioner did not state a claim for a writ of prohibition related to the denial of her specific permit application.[3]

For the foregoing reasons, the petitioner's appeal of the dismissal of her petition for a writ of mandamus, petition for a writ of prohibition, and complaint for declaratory judgment related to general practices, procedures, and application of former City Code § 505.06 is dismissed as moot based on the City Code amendment. The circuit court's order related to the dismissal of the petitioner's claims related to the denial of her specific permit application for the keeping of chickens on her property under former City Code § 505.06 is affirmed.

Dismissed in part as moot. Affirmed in part.

**ISSUED:** October 21, 2025

---

[3] The petition also sought a declaration that City Code § 505.06 was invalid and unconstitutional "as applied" to the petitioner. To the extent any claim for declaratory judgment could be construed as remaining after the amendment of the ordinance, those claims rest on the petitioner's allegations of a "de facto" moratorium and the purportedly arbitrary and capricious manner in which the Property Board reviewed her application for a permit and so would fail for the same reasons discussed above.

4

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison